## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAW SCHOOL ADMISSION COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHATTY COURSES, INC., MUN DOT SO, INC., and OZGUR DOGAN UGURLU, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR DAMAGES, INJUNCTIVE, AND OTHER RELIEF FOR VIOLATION OF 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), AND RELATED CLAIMS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Law School Admission Council, Inc. ("Plaintiff" or "LSAC") brings this action against Defendants Chatty Courses, Inc. ("Chatty Courses"), Mun Dot So, Inc. ("Mun Dot So"), and Ozgur Dogan Ugurlu ("Ugurlu") (collectively, "Defendants") and alleges as follows:

### PARTIES

1.     LSAC is a non-profit corporation organized under the laws of Delaware, with its principal place of business located in Newtown, Pennsylvania.

2.     Upon information and belief, Chatty Courses is a U.S. corporation with its principal place of business located in San Francisco, California.

3.     Upon information and belief, Mun Dot So is a corporation organized under the laws of Delaware, with its principal place of business located in Redding, California.

4.     Upon information and belief, Chatty Courses and Mun Dot So operate and/or assist in operating an online service currently called "AI Tutor for LSAT," accessible at https://chattycourses.com/, https://app.chattycourses.com/, and https://chromewebstore.google.com/detail/ai-tutor-for-lsat-support/cjiphdbpcahinkcapebcmmedlaljbmic. Chatty Courses and

Mun Dot So conduct business throughout the United States through the AI Tutor for LSAT service, including in Pennsylvania.

5.      Upon information and belief, Ugurlu is a natural person who resides at 13980 Bear Mountain Road, Redding, CA, 96003.

6.      Upon information and belief, Ugurlu is in control of, a principal of, and primarily responsible for the actions of Chatty Courses and Mun Dot So, and Ugurlu is specifically in control of the actions of Chatty Courses and Mun Dot So with respect to the AI Tutor for LSAT service. Accordingly, Ugurlu conducts business throughout the United States through the AI Tutor for LSAT service, including in Pennsylvania.

7.      LSAC asserts claims against Ugurlu in his individual capacity and in his capacity as an agent and/or corporate officer of Chatty Courses and Mun Dot So.

8.      Alternatively, as an agent and/or corporate office of Chatty Courses and Mun Dot So, Ugurlu directs, controls, ratifies, participates in, and/or is the moving force behind the development, marketing, and selling of the infringing AI Tutor for LSAT products and services. Accordingly, Ugurlu is personally liable for infringing activities carried out by Chatty Courses and/or Mun Dot without regard to piercing the corporate veil.

9.      Alternatively, upon information and belief, Chatty Courses and Mun Dot So follow so few corporate formalities and are so dominated by Ugurlu that they are merely alter egos of Ugurlu. Accordingly, LSAC is entitled to pierce the corporate veils of Chatty Courses and Mun Dot So and hold Ugurlu personally liable for the infringing activities of Chatty Courses and Mun Do So.

## **JURISDICTION**

10.      This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. § 1367. LSAC's federal claims are predicated on at least

15 U.S.C. §§ 1114, 1125(a) and (c), 1051 *et seq*., and 17 U.S.C.A. §§ 101 *et seq*. LSAC's claims arising under the laws of the State of Pennsylvania are substantially related to its federal claims such that they form part of the same case or controversy under Article III of the United States Constitution.

11.    This Court has personal jurisdiction over Defendants pursuant to the "Governing Law and Jurisdiction" provision of the Terms and Conditions governing Defendants' use of and access to LawHub, which states: "The User understands and agrees that any claim, action, proceeding, or other legal action arising out of or related to LawHub, or the User's use and/or access of LawHub, and/or the Policies shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to principles of conflict of laws. Any claim, actions, proceeding, or other legal action arising out of or related to LawHub and/or the Policies will be resolved exclusively in the state or federal courts located in Bucks County, Pennsylvania, and the User consents to the exclusive jurisdiction of and venue in such courts." Defendant Ugurlu agreed to this provision on June 27, 2024 and again on September 11, 2024. Upon information and belief, through the actions of Ugurlu, Defendants Chatty Courses and Mun Dot So likewise agreed to this provision.

12.    This Court also has personal jurisdiction over Defendants because they have directed tortious activities toward the State of Pennsylvania and established sufficient minimum contacts with Pennsylvania by, among other things, advertising and selling products and/or services that infringe trademarks, service marks, and/or copyrights owned by LSAC to consumers within Pennsylvania through a highly interactive commercial website, with knowledge that LSAC is located in Pennsylvania and is harmed in Pennsylvania as a result of Defendants' sales of such infringing products and/or services to Pennsylvania residents.

13.     Defendants have made and continue to make sales of products and/or services that infringe trademarks, service marks, and/or copyrights owned by LSAC to customers in Pennsylvania, and continue to do so despite being notified of their illegal conduct, its impact on LSAC in Pennsylvania, and the impendency of this action.

**VENUE**

14.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district, or in the alternative because a Defendant is subject to personal jurisdiction in this district.

**FACTUAL BACKGROUND**

*LSAC, Its Intellectual Property, and Its Business*

15.     LSAC is a non-profit entity that provides products and services to law schools, law school candidates, law school students, and legal professionals. Among other things, LSAC prepares and administers the Law School Admission Test ("LSAT"), which has been continuously administered for over seventy-five years.

16.     LSAC devotes significant time, energy, and resources toward protecting its products, services, brand, and reputation. Accordingly, LSAC's products and services are covered by intellectual property laws, including trademark and copyright laws.

17.     LSAC owns active trademarks and service marks covering its products and services (the "Marks"). LSAC maintains a non-exhaustive, representative list of Marks accessible at https://www.lsac.org/about/lsac-policies/trademarks. LSAC's Marks include, but are not limited to, LSAT®, LSAT Prep®, Law School Admission Test®, and LawHub™.

18.     LSAC's Marks are registered with the U.S. Patent and Trademark Office ("USPTO") and thus accessible at the USTPO's online trademark search system (https://

tmsearch.uspto.gov/search/search-information). Such registrations include, but are not limited to, U.S. Reg. Nos. 1,082,047; 2,563,632; 3678865; 4,382,765; and 8,880,9546.

19.    LSAC's Marks, including the trademarks and service marks identified above, are valid, subsisting, and enforceable.

20.    LSAC's rights to use the Marks have become incontestable under 15 U.S.C. § 1065 to the extent that any such Marks have been in continuous use, LSAC received no final legal decision issued against such Marks, and LSAC timely filed a Section 15 Declaration describing its use of such Marks. Accordingly, the registrations of these Marks serve as conclusive evidence of LSAC's ownership of such marks and of its exclusive right to use and direct the use of the Marks in commerce and in connection with the sale and distribution of products and services bearing the Marks identified in the registrations, as provided by 15 U.S.C. § 1115(b).

21.    LSAC's Marks have been used in commerce for decades. For example, certain Marks concerning "LSAT" (e.g., U.S. Reg. Nos. 1,082,047 and 3,678,865) have been continuously used in commerce since 1948.

22.    Through years of LSAC investing substantial costs in their advertising and use, the Marks have become famous, distinctive, and valuable. Accordingly, LSAC takes significant measures to protect its Marks.

23.    LSAC owns unexpired copyrights covering materials it has created ("Copyrighted Works"), including copyrights covering the thousands of LSAT questions it has created. The Copyrighted Works cover not only the exam questions, but also the instructions, answers, answer keys, and other related materials.

24.     LSAC's Copyrighted Works are registered with the U.S. Copyright Office and thus accessible at the Copyright Office's online copyright search systems (https://publicrecords.copyright.gov/ and https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First). Such registrations include, but are not limited to, U.S. Reg. Nos. TX0006862472; TXU002320834; and TXU002320865.

25.     LSAC's copyrights in the Copyrighted Works were registered with the U.S. Copyright Office within five years of the dates of first publication of the underlying materials, thus the certificates of registration of such copyrights constitute prima facie evidence of the validity of such copyrights and of the facts stated in such certificates.

26.     LSAC owns and operates numerous websites and internet-based online services, including LawHub, which is an online platform provided by LSAC that offers products and services to law school candidates, law school students, and legal professionals.

27.     In connection with LSAC's websites and online services, including LawHub, LSAC has created proprietary materials ("Proprietary Content"), which it makes available through its websites and online services.

28.     LSAC offers access to LawHub by both a free subscription option and a paid subscription option called "LawHub Advantage."

29.     In order to access LawHub under the free subscription option, a user must first agree to the LawHub Terms and Conditions ("LawHub Terms") accessible at https://www.lawhub.org/terms-and-conditions.

30.     In order to access LawHub Advantage under the paid subscription option, a user must also agree to the LawHub Terms.

31.     Among other things, the LawHub Terms state: "By agreeing to these Terms, the User understands and acknowledges that the entire contents of the Official LSAT Prep and/or LawHub

Advantage subscription, both the content that is visible to the User and the software supporting it, are copyrighted by LSAC. Unauthorized reproduction or distribution of any contents accessible via the User's Official LSAT Prep and/or LawHub Advantage subscription are strictly prohibited. The subscription materials and contents may be used only for purpose of preparing for the LSAT and as explicitly stated in these Terms."

32.     The LawHub Terms further state: "The User is responsible for maintaining the confidentiality of the User's account on LawHub and is fully responsible for all activities that occur under the User's account on LawHub."

33.     The LawHub Terms further state: "By creating the User account on LawHub, the User will be provided a free subscription to the 'Official LSAT Prep.' The content shared on LawHub as part of the User's 'Official LSAT Prep' subscription may only be used by the User for the purpose of preparing for the LSAT."

34.     The LawHub Terms further state: "The entire contents, services, and products set forth on LawHub, including but not limited to LawHub.org, LawSchoolTransparency.com, LegalCareerCompass.org, and LegalCareerCompass.com, both the content that is visible to end-users and the software supporting it; and the Official LSAT Prep and LawHub Advantage subscription, are copyrighted or otherwise protected by LSAC. Unauthorized reproduction of any such materials is strictly prohibited. Certain elements or applications on LawHub or through an LSAC.org / LawHub account (e.g., Legal Career Compass) may be the property of a third-party. Users of LawHub must treat any third-party property in the same manner as LSAC's own copyrighted material, and LSAC reserves the right to prosecute copyright infringements of any content found in or associated with LawHub. The MPT item and point sheet ('NCBE Content') provided in this are copyrighted by the National Conference of Bar Examiners ('NCBE'). You are permitted to view the NCBE Content for your personal and noncommercial use only. You are not permitted to copy, modify, reproduce, post,

disclose, or distribute any of the NCBE Content in whole or in part. Any unauthorized use of the NCBE Content is a violation of NCBE's rights and could subject you and others who are involved to criminal and civil penalties."

35.     The LawHub Terms further state: "LawHub is owned and operated by LSAC and contains materials and content that is protected by copyright, trademark, and trade secret laws of the United States and other countries, as well as any and all applicable laws, statutes, and regulations. The materials and content accessible via LawHub, including, but not limited to, text, names, data, compilations, graphics, logos, buttons, icons, images, audio, video, code, methods, techniques, models, and software (collectively, the 'Contents'), are the property of LSAC and are protected by the applicable patent, copyright, trademark, and trade secret laws of the United States and other countries. Except as otherwise expressly permitted under the Policies, Users are prohibited from downloading copyrighted material and are explicitly prohibited from from [*sic*] modifying the Contents in any way and/or modifying or otherwise altering any copyright, trademark, and other proprietary notices on the Contents. The User may not copy, store (either in hard copy or in electronic format), transmit, transfer, perform, broadcast, publish, reproduce, create a derivative work from, display, distribute, sell, offer for sale, license, rent, lease, frame, deep link to, or otherwise use the Contents in any manner inconsistent with the rights of LSAC, including, but not limited to, any use of the Contents for any commercial purpose."

36.     The LawHub Terms further state: "The User understands and agrees that any claim, action, proceeding, or other legal action arising out of or related to LawHub, or the User's use and/or access of LawHub, and/or the Policies shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to principles of conflict of laws. Any claim, actions, proceeding, or other legal action arising out of or related to LawHub and/or the

Policies will be resolved exclusively in the state or federal courts located in Bucks County, Pennsylvania, and the User consents to the exclusive jurisdiction of and venue in such courts."

37.    The LawHub Terms further state: "The LawHub Terms and Conditions shall incorporate by reference the LSAC Terms & Conditions of Use [(hyperlinking to https://www.lsac.org/about/lsac-policies/terms-conditions-use)] and the LSAC Terms & Conditions of Use shall be made a part of the LawHub Terms and Conditions."

38.    The LSAC Terms & Conditions of Use ("LSAC Terms"), accessible at https://www.lsac.org/about/lsac-policies/terms-conditions-use, set forth additional restrictions regarding use of the "various websites and web presences, including www.lsac.org and any extension or subdomain thereof," operated by LSAC or "its subsidiaries and affiliates."

39.    The LSAC Terms set forth restrictions regarding "Usage" of LSAC's websites, and specifically limiting any such usage to "noncommercial use."

40.    The LawHub Terms further state: "For the limitations and guidelines regarding the User's usage of LSAC's trademarks, please refer to LSAC's Guidelines for Informational Use of LSAC Trademarks by Third Parties [(hyperlinking to https://www.lsac.org/about/lsac-policies/guidelines-informational-use-law-school-admission-council-inc-lsac-trademarks-third)]."

41.    The LSAC Guidelines for Informational Use of LSAC Trademarks by Third Parties ("LSAC Trademark Guidelines"), accessible at https://www.lsac.org/about/lsac-policies/guidelines-informational-use-law-school-admission-council-inc-lsac-trademarks-third, "explain proper and improper uses of LSAC's trademarks and are applicable to the use of LSAC's trademarks in any medium, including, but not limited to print, multimedia, and any other form of electronic or online materials."

42.     As part of its business, LSAC grants royalty-bearing licenses to test-preparation companies, which permit such companies to use certain Marks, Copyrighted Works, and/or Proprietary Content in connection with their courses.

43.     By allowing only authorized licensees to use the Marks, Copyrighted Works, and/or Proprietary Content under specific circumstances, LSAC maintains the quality, integrity, and reputation of the LSAC family of products and services.

### Defendants' Unauthorized Use of LSAC Materials and Other Violations of Law

44.     Upon information and belief, at all times relevant to this Complaint, Ugurlu has owned and operated Chatty Courses and Mun Dot So.

45.     Upon information and belief, at all times relevant to this Complaint, Ugurlu has acted as a representative and agent of Chatty Courses and Mun Dot So.

46.     Defendants operate an online website, browser extension, and related services collectively referred to, without limitation, as: "AI Tutor for LawHub"; "AI Tutor for LSAT"; "LSAT AI Tutor"; "AI Assistant for LSAT"; and/or "LSAT-GPT" (the "Infringing Services").

47.     Upon information and belief, Defendants began operating the Infringing Services at least as early as April 23, 2024.

48.     The Infringing Services have been and are currently accessible at https://chattycourses.com/, https://app.chattycourses.com/, and/or https://chromewebstore. google.com/detail/ai-tutor-for-lsat-support/cjiphdbpcahinkcapebcmmedlaljbmic.

49.     Upon information and belief, the Infringing Services are currently accessible throughout the United States, including in Pennsylvania.

50.     On June 27, 2024, Ugurlu created a LawHub account and accessed LawHub under the free subscription option.

51.    On June 27, 2024, Ugurlu agreed to the LawHub Terms, LSAC Terms, and LSAC Trademark Guidelines.

52.    Upon information and belief, on June 27, 2024, through the actions of Ugurlu, Chatty Courses and Mun Dot So agreed to the LawHub Terms, LSAC Terms, and LSAC Trademark Guidelines.

53.    Upon information and belief, as of June 27, 2024, Defendants were aware of LSAC's Marks, Copyrighted Works, and/or Proprietary Content.

54.    Upon information and belief, as of June 27, 2024, Defendants intended to access LawHub for competitive purposes other than preparing for the LSAT, which was prohibited by the LawHub Terms and LSAC Terms.

55.    On September 11, 2024, Ugurlu purchased a paid "LawHub Advantage" subscription.

56.    On September 11, 2024, Ugurlu again agreed to the LawHub Terms, LSAC Terms, and LSAC Trademark Guidelines.

57.    Upon information and belief, on September 11, 2024, through the actions of Ugurlu, Chatty Courses and Mun Dot So again agreed to the LawHub Terms, LSAC Terms, and LSAC Trademark Guidelines.

58.    Upon information and belief, as of September 11, 2024, Defendants were aware of LSAC's Marks, Copyrighted Works, and/or Proprietary Content.

59.    On September 19, 2024, Ugurlu submitted an email to LSAC indicating that he was interested in purchasing a license to LSAC's intellectual property.

60.    Upon information and belief, as of September 19, 2024, Defendants were aware of LSAC's Marks, Copyrighted Works, and/or Proprietary Content.

61.     As stated in a September 25, 2024 email from Ugurlu to LSAC, Ugurula was the "Representative" of "Mun Dot So, Inc." as of that date.

62.     Ugurlu further stated in a September 25, 2024 email to LSAC that Mun Dot So and he were "NOT planning to use any LSAC trademarks" and "want to use LSAC's copyrighted LSAT questions to help students prepare for the exam."

63.     Upon information and belief, as of September 25, 2024, Defendants were aware of LSAC's Marks, Copyrighted Works, and/or Proprietary Content.

64.     LSAC has not granted any Defendant a license to any of LSAC's Marks, Copyrighted Works, or Proprietary Content.

65.     Upon information and belief, Ugurlu's September 25, 2024 statement that he and Mun Dot So were "NOT planning to use any LSAC trademarks" was false.

66.     On the contrary, in connection with marketing and/or operating the Infringing Services, Defendants have used and currently use certain of LSAC's Marks without LSAC's authorization.

67.     For example, Defendants have advertised the Infringing Services as "LSAT AI Tutor" and "LSAT-GPT" without LSAC's authorization.

68.     Defendants' uses of the LSAC Marks without LSAC's authorization are likely to confuse consumers about the source of Defendants' products and/or services.

69.     In connection with marketing and/or operating the Infringing Services, Defendants reproduce, prepare derivate works based upon, publicly distribute copies of, and/or publicly display the Copyrighted Works, or portions thereof, without LSAC's authorization.

70.     For example, the Infringing Services display portions of Copyrighted Works to users without LSAC's authorization.

71.     In connection with marketing and/or operating the Infringing Services, the Defendants also induce others to reproduce, prepare derivate works based upon, publicly distribute copies of, and/or publicly display the Copyrighted Works, or portions thereof, without authorization.

72.     For example, Defendants instruct and induce users to copy portions of the Copyrighted Works and/or Proprietary Content into their Infringing Services, and the Defendants then relay such copied content to an online service operated by OpenAI.

73.     As a further example, at least one version of the Infringing Services instructed users to "[c]opy/paste an LSAT question with answer here," "[u]pload an LSAT question screenshot," and/or "[c]opy/paste an LSAT question screenshot."

74.     Upon information and belief, in connection with marketing and/or operating the Infringing Services, the Defendants have accessed LawHub, and used or relied upon Proprietary Content, for competitive purposes other than preparing for the LSAT, in violation of the LawHub Terms and/or LSAC Terms. Instead, Defendants have accessed LawHub, and used or relied upon Proprietary Content, to develop and market the Infringing Services.

75.     On October 11, 2024, counsel for LSAC sent a letter to Ugurlu, Chatty Courses, and Mun Dot So via email and UPS. In that letter, counsel for LSAC: (1) alleged numerous violations of law by Defendants, including trademark infringement, copyright infringement, and breach of contract; (2) provided factual information supporting such allegations; and (3) demanded, among other things, that Defendants cease-and-desist from all ongoing violations of LSAC's rights.

76.     On October 16, 2024, Ugurlu responded by email to LSAC's counsel's October 11, 2024 letter. In that letter, Ugurlu did not address or dispute numerous of the allegations

asserted in LSAC's counsel's October 11, 2024 letter. Ugurlu also did not agree to comply with LSAC's cease-and-desist demands.

77.    On October 22, 2024, counsel for LSAC sent another letter to Ugurlu, Chatty Courses, and Mun Dot So via email, reiterating the allegations and demands within LSAC's counsel's October 11, 2024 letter.

78.    On November 7, 2024, Ugurlu responded by email to LSAC's counsel's October 22, 2024 letter. Again, Ugurlu did not address or dispute numerous of the allegations asserted in LSAC's counsel's prior letters, nor did Ugurlu agree to comply with LSAC's cease-and-desist demands.

79.    On November 13, 2024, counsel for LSAC sent another letter to Ugurlu, Chatty Courses, and Mun Dot So via email, again reiterating the allegations and demands within LSAC's counsel's prior letters.

80.    On November 14, 2024, Ugurlu responded by email to LSAC's counsel's November 13, 2024 letter. Again, Ugurlu did not address or dispute numerous of the allegations asserted in LSAC's counsel's prior letters, nor did Ugurlu agree to comply with LSAC's cease-and-desist demands.

81.    LSAC has suffered and continues to suffer injury as a result of the foregoing actions of Defendants.

82.    For example, by misappropriating and using LSAC's Marks, Copyrighted Works, and Proprietary Content without permission or license, Defendants' conduct tarnishes LSAC's reputation and erodes LSAC's ability to negotiate with other actual and potential licensees and preserve its licensing business model. The resulting harm to LSAC is severe, intangible, and of a type that cannot be adequately compensated for by money and cannot be reversed.

83.    Upon information and belief, at all times relevant to this Complaint, Defendant Ugurlu has been the alter ego of Defendants Chatty Courses and Mun Dot So at least because there is such a unity between them that there is no separation and because holding only Chatty Courses and Mun Dot So liable for the tortious acts complained of herein would result in an injustice. For example, in addition to committing tortious acts himself as described herein, upon information and belief, as an owner, manager and/or member of Chatty Courses and Mun Dot So, Defendant Ugurlu has diverted profits from Chatty Courses and Mun Dot So to himself for his own personal use and has used Chatty Courses and Mun Dot So for his own personal purposes.

### COUNT I
**(Against All Defendants)**
**Breach of Contract**

84.    LSAC realleges and incorporates herein by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

85.    Ugurlu entered into a contract with LSAC by agreeing to the LawHub Terms, LSAC Terms, and LSAC Trademark Guidelines.

86.    Upon information and belief, Ugurlu entered into the Agreement as a representative and agent of Chatty Courses and Mun Dot So.

87.    The Agreement, as accepted by Defendants, is a valid, enforceable contract.

88.    LSAC has at all times complied with its obligations under the Terms and Conditions and is willing and able to perform any remaining obligations.

89.    Defendants are in breach of the Agreement by, among other things: (1) using LawHub subscription materials and content for purpose other than preparing for the LSAT; and (2) using LSAC's websites for a commercial purpose.

90.    Defendants' breaches are material.

91.     LSAC has suffered and will continue to suffer harm by Defendants' breaches of the Agreement in an amount to be determined at trial.

## COUNT II
**(Against All Defendants)**
**Direct Copyright Infringement**

92.     LSAC realleges and incorporates herein by reference the foregoing Paragraphs of the Complaint as if fully set forth herein.

93.     LSAC owns registered copyrights for the Copyrighted Works.

94.     The Infringing Services contain, reproduce, distribute, copy, and/or display content that is wholly copyrightable subject matter under the laws of the United States.

95.     Upon information and belief, Defendants had access to certain of LSAC's Copyrighted Works.

96.     Notwithstanding LSAC's copyright ownership, Defendants copied and created derivative works based upon the Copyrighted Works and displayed and distributed copies of the Copyrighted Works through the Infringing Services without LSAC's consent.

97.     The Infringing Services contain, reproduce, distribute, copy, and/or display content that is identical, or substantially similar, to LSAC's Copyrighted Works.

98.     By copying and creating derivative works based on LSAC's Copyrighted Works and displaying and distributing the same through the Infringing Services, Defendants have infringed LSAC's copyrights in the Copyrighted Works. Specifically, Defendants have violated the exclusive right of LSAC to reproduce, distribute, display, and make derivative works of the Copyrighted Works under 17 U.S.C. § 106. The infringement of each of LSAC's Copyrighted Works constitutes a separate act of copyright infringement.

99.     Defendants' copyright infringement has been knowing, willful, and/or intentional.

100.    Defendant Ugurlu is the moving, active, conscious force behind Chatty Courses' and Mun Dot So's copyright infringement and is subject to personal liability for Chatty Courses' and Mun Dot So's copyright infringement.

101.    Defendants' copyright infringement has caused and will continue to cause monetary damage to LSAC. Defendants' copyright infringement is likely to adversely impact the market for LSAC's Copyrighted Works by diverting prospective purchasers of LSAC's products and services and by affecting the demand for licensed use of LSAC's Copyrighted Works.

102.    Defendants' copyright infringement has caused and will continue to cause irreparable harm to LSAC for which there is no adequate remedy at law. LSAC is entitled to, and seeks, injunctive relief as a result thereof pursuant to 17 U.S.C. § 502.

### COUNT III
**(Against All Defendants)**
**Vicarious and/or Contributory Copyright Infringement**

103.    LSAC realleges and incorporates herein by reference the foregoing Paragraphs of the Complaint as if fully set forth herein.

104.    Notwithstanding LSAC's copyright ownership, Defendants copied and created derivative works based upon LSAC's Copyrighted Works and displayed and distributed copies of the same through the Infringing Services without LSAC's consent.

105.    Upon information and belief, Defendants had either actual or constructive knowledge that third parties use the Infringing Services to make unauthorized copies of LSAC's Copyrighted Works and either induced, caused, or materially contributed to such infringing conduct.

106.    Upon information and belief, Defendants participated in, authorized and/or assisted with, and resultantly profited from the unauthorized reproduction and/or creation of derivative works based on LSAC's Copyrighted Works.

107.    Upon information and belief, Defendants are vicariously liable for the direct infringement alleged herein because Defendants have the right and ability to supervise the infringing conduct and have a direct financial interest in the infringing conduct.

108.    Defendant Ugurlu is the moving, active, conscious force behind Chatty Courses' and Mun Dot So's vicarious and/or contributory copyright infringement and is subject to personal liability for Chatty Courses' and Mun Dot So's copyright infringement.

109.    By their actions, as alleged above, Defendants' acts of contributory and/or vicarious infringement violate the exclusive right of LSAC to reproduce, distribute, display, and make derivative works of the Copyrighted Works under 17 U.S.C. § 106.

110.    Defendants acts of contributory and/or vicarious infringement are willful, in disregard of and with indifference to LSAC's rights.

111.    Defendants and their acts of contributory and/or vicarious infringement have caused and will continue to cause monetary damage to LSAC. Defendants' copyright infringement is likely to adversely impact the market for LSAC's Copyrighted Works by diverting prospective purchasers of LSAC's products and services to the Infringing Services and by affecting the demand for licensed use of LSAC's Copyrighted Works.

112.    Defendants and their acts of contributory and/or vicarious infringement have caused and will continue to cause irreparable harm to LSAC for which there is no adequate remedy at law. LSAC is entitled to, and seeks, injunctive relief as a result thereof pursuant to 17 U.S.C. § 502.

### COUNT IV
**(Against All Defendants)**
**Infringement of Registered Trademarks Under 15 U.S.C. § 1114**

113.    LSAC realleges and incorporates herein by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

18

114.    LSAC's Marks are on the Principal Register of the United States Patent and Trademark Office.

115.    LSAC owns all rights, title and interest in the U.S. trademark registration for LSAC's Marks.

116.    The LSAC Marks are incontestable and constitute conclusive evidence of the validity of the marks, LSAC's ownership of the marks, and LSAC's exclusive rights to use the marks in commerce.

117.    Through the sale, offering for sale, distribution, and/or advertising of the Infringing Services, Defendants have used in commerce identical and/or substantially indistinguishable copies of LSAC's Marks in connection with the sale, offering for sale, distribution, and/or advertising of highly related goods and services without LSAC's authorization or consent.

118.    Defendants' use in commerce of trademarks that are confusingly similar or identical to the LSAC Marks is likely to cause confusion, to cause mistake and/or deceive consumers as to the source, sponsorship, or origin of the Infringing Services in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114.

119.    Defendant Ugurlu is the moving, active, conscious force behind Chatty Courses' and Mun Dot So's trademark infringement and is subject to personal liability for Chatty Courses' and Mun Dot So's trademark infringement.

120.    Defendants' conduct is intended to exploit the goodwill and reputation associated with LSAC's Marks.

121.    As a direct and proximate result of Defendants' wrongful acts, LSAC has suffered, continues to suffer, and/or is likely to suffer damage to its trademarks, business

reputation and goodwill that money cannot compensate for. Unless enjoined, Defendants will continue to use LSAC's Marks and/or confusing similar marks and will continue to cause irreparable damage to LSAC, LSAC's Marks, and to the business and goodwill represented thereby, for which LSAC has no adequate remedy at law.

122.    Defendants' trademark infringement has been and continues to be intentional, willful and in bad faith.

**COUNT V**
**(Against All Defendants)**
**Trademark Infringement Under Pennsylvania Common Law**

123.    LSAC realleges and incorporates herein by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

124.    LSAC owns all rights, title, and interest in and to LSAC's Marks.

125.    LSAC's Marks are distinctive and LSAC has built up valuable goodwill in its trademarks. Through its prior and continuous use of its marks in commerce, LSAC has been identified in the public mind as the source of the products to which LSAC's Marks are applied.

126.    Through its prior and continuous use of its marks in commerce, LSAC enjoys exclusive common law rights in LSAC's Marks.

127.    Defendants' use of LSAC's Marks is without any permission, license or other authorization from LSAC.

128.    Defendants' uses of LSAC's Marks infringes LSAC's rights therein and are likely to cause confusion, to cause mistake and/or to deceive consumers as to the source, sponsorship and origin of the Infringing Services in violation of LSAC's common law trademark rights.

129.    Defendants' infringing acts have been and continue to be intentional, willful, and in bad faith.

130.    LSAC has been and is likely to be damaged by Defendants' infringing and unlawful acts.

131.    Defendants' acts have caused and, unless enjoined by this Court, are likely to continue to cause LSAC to suffer irreparable harm to its business, reputation, and goodwill.

132.    LSAC has no adequate remedy at law and is entitled to, and does, seek injunctive relief as a result of Defendants' acts.

**COUNT VI**
**(Against All Defendants)**
**Dilution of Trademarks Under 54 Pa. Cons. Stat. § 1124**

133.    LSAC realleges and incorporates herein by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

134.    LSAC owns all rights, title, and interest in and to LSAC's Marks.

135.    LSAC's Marks are distinctive and famous in the Commonwealth of Pennsylvania.

136.    LSAC's Marks are closely associated with the high-quality goods and services provided by LSAC.

137.    Defendants' unauthorized use of marks that are substantially identical and confusingly similar to LSAC's Marks have and will continue to cause dilution of the distinctive LSAC Marks and irreparable damage to the business, reputation, and goodwill of LSAC in violation of Pa. Cons. Stat. § 1124.

138.    Defendants' use of LSAC's Marks in commerce commenced after LSAC's Marks became famous.

139.    Defendants' unlawful acts have been willful, intentional, and made in bad faith.

140.    LSAC has been and is likely damaged by Defendants' dilutive and unlawful acts.

141.    Defendants' unlawful act have caused and, unless enjoined by this Court, are likely to continue to cause LSAC to suffer irreparable harm.

<u>COUNT VII</u>
**(Against All Defendants)**
**Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(A)(1)**

142.    LSAC realleges and incorporates herein by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

143.    LSAC's Marks are on the Principal Register of the United States Patent and Trademark Office.

144.    LSAC owns all rights, title and interest in the U.S. trademark registrations for LSAC's Marks.

145.    LSAC's Marks are distinctive and/or have acquired secondary meaning.

146.    LSAC has used the Marks in commerce continuously and extensively in the United States for many years. As a result, the public associates each of LSAC's Marks with LSAC and LSAC has built up valuable goodwill in its Marks.

147.    Defendants have used and continue to use LSAC's Mark in connection with the Infringing Services without license or authorization for LSAC.

148.    Defendants' uses of LSAC's Marks are likely to cause confusion, to cause mistake, and/or to deceive consumers as to the affiliation, connection, or association of Defendants with LSAC and/or as to the origin, sponsorship, or approval of the Infringing Services.

149.    Defendant Ugurlu is the moving, active, conscious force behind Chatty Courses' and Mun Dot So's unfair competition and false designation of origin and is subject to personal liability for Chatty Courses' and Mun Dot So's unfair competition and false designation of origin.

150.    As a direct and proximate result of Defendants' wrongful acts, LSAC has suffered, continues to suffer, and/or is likely to suffer damage to its trademarks, business

reputation, and goodwill that money cannot compensate for. Unless enjoined, Defendants will continue to use LSAC's Marks and/or confusingly similar marks and will cause irreparable damage to LSAC, LSAC's Marks, and to the business and goodwill represented thereby for which LSAC has not adequate remedy at law.

151.    Defendants' acts have been and continue to be intentional, willful, and in bad faith.

152.    LSAC has no adequate remedy at law and is entitled to, and does, seek injunctive relief as a result of Defendants' infringing acts.

<u>**COUNT VIII**</u>
**(Against All Defendants)**
**Unfair Trade Practices Under 73 P.S. § 201-2 *et seq.***

153.    LSAC realleges and incorporates herein by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

154.    LSAC owns all rights, title, and interest in and to LSAC's Marks.

155.    LSAC's Marks are distinctive and famous in the Commonwealth of Pennsylvania.

156.    LSAC's Marks are closely associated with the high-quality goods and services provided by LSAC.

157.    Defendants' unauthorized use of marks that are substantially identical and confusingly similar to LSAC's Marks is an unfair trade practice under 73 P.S. § 201-2.

158.    Defendants' use of LSAC's Marks in commerce commenced after LSAC's Marks became famous.

159.    Defendants' unlawful acts have been willful, intentional, and made in bad faith.

160.    LSAC has been and is likely damaged by Defendants' dilutive and unlawful acts.

161.    Defendants' unlawful act have caused and, unless enjoined by this Court, are likely to continue to cause LSAC to suffer irreparable harm.

## JURY DEMAND

LSAC hereby demands that all issues so triable be determined by a jury.

## PRAYER FOR RELIEF

WHEREFORE, LSAC prays for judgment against Defendants as follows:

1. That Defendants Ugurlu, Chatty Courses, and Mun Dot So, and their officers, agents, servants, employees, and attorneys, and all those in active concert with or in participation with them, be permanently enjoined from:

   a. Further unauthorized reproduction of all or any non-de minimis portion of LSAC's Copyrighted Works and any other materials published by LSAC, preparation of derivative works based on LSAC's Copyrighted Works or on any materials published by LSAC, and distribution or display of copies of the Copyrighted Works or any materials published by LSAC by any means or method;

   b. Selling, offering for sale, distributing, or advertising any goods or services under LSAC's Marks, or any marks substantially indistinguishable therefrom, which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services sold, offered for sale, distributed, or advertised by Defendants are sponsored or licensed or approved by LSAC, or are connected or affiliated in some way with LSAC or LSAC's Marks;

   c. Implying LSAC's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendants' products, services, or commercial activities, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with LSAC and

from otherwise interfering with or injuring LSAC's Marks or the goodwill associated therewith; or

d.      Representing or implying that Defendants are in any way sponsored by, currently affiliated with, or licensed by LSAC.

2.    That the Defendants be directed to file with the Court and serve upon LSAC, within 30 days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which Defendants have complied with the provisions set forth in Paragraph 1 of this Prayer for Relief.

3.    That LSAC be awarded its actual damages and any profits earned by Defendants from the sale of the Infringing Services or derivative works based on LSAC's Copyrighted Works or, at LSAC's election, statutory damages of up to $150,000 per work infringed.

4.    That LSAC be awarded compensatory and actual damages in an amount as yet undetermined caused by the foregoing infringement of LSAC's Marks;

5.    That Defendants account to LSAC for any and all profits earned as a result of Defendants' acts in violation of LSAC's Marks, including disgorgement of any and all wrongfully obtained profits;

6.    That LSAC be awarded three times the amount of compensatory damages and increased profits for Defendants' infringement of LSAC's Marks pursuant to 15 U.S.C. § 1117;

7.    That LSAC be awarded statutory damages pursuant to 15 U.S.C. § 1117(c);

8.    That LSAC be awarded punitive and exemplary damages;

9.      That the Court declare that Defendants Ugurlu, Chatty Courses, and Mun Dot So have willfully (A) violated LSAC's Copyrighted Works, (B) infringed LSAC's Marks in violation of 15 U.S.C. § 1114, (C) used false designations of origin in violation of 15 U.S.C. § 1125(a), and (D) violated LSAC's common law rights in LSAC's Marks.

10.     That the Court declare that Defendants are jointly and severally liable for all damages assessed against any Defendant.

11.     That LSAC be awarded pre-judgment and post-judgment interest on all damages awarded by the Court.

12.     That LSAC be entitled to recover its reasonable attorneys' fees and costs of suit.

13.     That LSAC be awarded any and all such other and further relief as this Court shall deem just and proper.

DATED this 31st day of December, 2024.      By:  s/ Tiffany Powers
                                                  Tiffany Powers (PA Bar No. 310263)
                                                  ALSTON & BIRD LLC
                                                  1201 West Peachtree Street, Suite 4900
                                                  Atlanta, GA 30309
                                                  Tel: (404) 881-7000
                                                  Fax: (404) 881-7777
                                                  tiffany.powers@alston.com

                                                  Paul Tanck
                                                  Wade Perrin
                                                  ALSTON & BIRD LLP
                                                  90 Park Avenue, 15th Floor
                                                  New York, NY 10016
                                                  Tel: (212) 210-9400
                                                  Fax: (212) 210-9444
                                                  paul.tanck@alston.com
                                                  wade.perrin@alston.com

                                                  *Attorneys for Plaintiff*
                                                  *Law School Admission Council, Inc.*